CAUSE NO.: C-3300-19-E

| | | |
|---|---|---|
| MANUEL FARIAS<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 275TH JUDICIAL DISTRICT |
| UNITED FINANCIAL CASUALTY<br>COMPANY<br>Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Manuel Farias and complains of Defendant, United Financial Casualty Company, and hereinafter referred to as "Untied Financial" and for cause of action shows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to proceed under Discovery Control Plan No. 2.

### II.
### PARTIES

Plaintiff is an individual who resides in Hidalgo County, Texas.

Defendant United Financial Casualty Company is a Foregin insurance carrier authorized to conduct the business of insurance in Texas, who may be served with process through its attorney on record who has made an appearance herein. Therefore, service is not necessary.

### III.
### JURISDICTION

The court has jurisdiction over defendant because defendant is a Texas resident. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

EXHIBIT A

## IV.
## VENUE

Venue is proper in Hidalgo County, Texas because defendant is an insurance company and this is the county where the loss occurred and where policyholder who instituted suit resided when the cause of action accrued/the beneficiary who instituted suit resided when the cause of action accrued. The auto accident giving rise to this claim occurred in Hidalgo County, Texas.

## V. FACTS PERTAINING TO ACCIDENT

On or about May 18, 2018, Plaintiff Manuel Farias was a passenger in a 2011 Mazda CX-9 being driven by your insured, Alejandro Tajonar. Mr. Farias hired Mr. Tajonar to provide him transportation through the service UBER, defendant United Financial Casualty Company policy holder. Your insured was facing East on the 1600 Block of West Highway Business 83 in McAllen, Texas directly behind a vehicle being driven by Petrolina Ochoa.

Alejandro Gallardo was driving his Volkswagen GTI also traveling Eastbound on the inside lane directly behind Mr. Tajonar. Mr. Gallardo failed to control his speed and collided into the vehicle of your insured. As a result of the impact, your insured rear-ended Ms. Ochoa.

Plaintiff Manuel Farias was seriously injured in the incident and because of the force of the collision was taken to the hospital right after the accident. The impact was so strong that the vehicle Plaintiff was in was significantly damaged by the truck driven by Alejandro Gallardo.

Plaintiff suffered serious injuries as a result of Defendant Alejandro Gallardo's negligence.

Defendant Gallardo, driver of the uninsured vehicle, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Mr. Gallardo's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of Defendant Mr. Gallardo consisted of, but is not limited to, the

following acts and omissions:

a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

b. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

c. In failing to control his speed;

d. In failing to yield the right of way to a yield sign;

e. In failing to maintain an assured clear distance between his vehicle and any other vehicle

f. In failing to keep his vehicle under control; and

## VI.

### FACTS PERTAINING TO INSURANCE COVERAGE

At the time of the accident described in paragraph 5 above, plaintiff was protected against loss caused by bodily injury, and resulting from the ownership, maintenance, or use of an uninsured/under insured motor vehicle by a policy of insurance by Defendant United Financial.

Defendant United Financial issued its insurance policy numbered 06250026 naming and/or including the Alejandro Tajonar as a person who would be covered by insurance under the policy including any person who was his passanger.

## VII.
### UNINSURED MOTORIST INSURANCE

On the date in question, Alejandro Gallardo was driving his 2004 Ford Explorer with no insurance coverage.

Plaintiff was protected by insurance written by United Financial, providing him with coverage for personal injuries arising from an accident with an uninsured motorist.

From and after the time the plaintiff's uninsured motorist claims were presented to defendant Untied Financial, the defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis whatsoever on

3

which a reasonable insurance company would have relied to delay payment of the plaintiff's uninsured motorist claim, defendant Untied Financial refused to accept the claim and pay the plaintiff as the policy required.

## VIII.
## PETITION FOR DECLARATORY RELIEF

Plaintiff seeks a declaratory judgment, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.001-37.011, determining an actual immediate controversy between the parties regarding their respective rights and obligations under an insurance contract. The Court's declaration will confer certainty on the parties and serve the interests of justice. Specifically, plaintiff seeks a finding (or findings) that:

- Mr. Gallardo was uninsured
- That he was negligent
- That his negligence was a proximate cause of the collision
- That plaintiff suffered damages as a proximate result of Mr. Gallardo's negligence
- That plaintiff was not comparatively responsible
- That plaintiff's damages fall within the coverage afforded to them under the uninsured motorist provisions in Progressive's insurance contract.

## IX.
## BREACH OF CONTRACT/PROMPT PAYMENT OF CLAIMS

In the event that Progressive refuses or fails to pay uninsured motorist benefits to plaintiff after judicial determination that plaintiff is legally entitled to recover from Mr. Gallardo, plaintiff reserves the right to sue Progressive for breach of contract and/or statutory damages under the Texas Insurance Code § 542.060 (prompt payment of claims). Plaintiff acknowledges that breach of contract claims against Progressive and/or claims for violation of the prompt payment laws are not ripe at this point. Consequently, this pleading serves as notice only (to the extent necessary), and non-waiver of potential claims.

## X.
## BAD FAITH

Plaintiff was an insured under an insurance contract issued by Progressive, which gave rise to a duty of good faith and fair dealing. Plaintiff's attorney attempted to discuss settlement negotiations with defendant Progressice in an effort to reach an agreement for plaintiff's injuries and damages. From and after the time the plaintiff's claims were presented to defendant Progressive, the defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to delay payment of the plaintiff's claim, defendant Progressive refused to accept the claim and pay the plaintiff as the policy required.

At that time, defendant Progressive knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the plaintiff will show that the defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim. Defendant Progressive delayed payment of a covered claim when defendant knew and/or should have known its liability under the policy was reasonably clear.

Consequently, defendant Progressive breached its duty to deal fairly and in good faith with the plaintiff. The defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the plaintiff as more specifically described below.

The breach of duty by defendant Progressive was aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendant Progressive conduct was specifically intended to cause substantial injury to the Plaintiff. Defendant Progressive conduct involved an extreme degree of risk of potential harm to the Plaintiffs or others and, despite the defendant's being actually and subjectively aware of the risk involved, the defendant proceeded

5

with conscious indifference to the rights, safety, and welfare of the plaintiff. Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

## XI.
## LATE PAYMENT OF CLAIMS

Plaintiff suffered a loss covered by the policy and gave proper notice to defendant of plaintiff's claim on March 15, 2019. Subsequently, demand letters were sent out on May 9, 2019.

Defendant is liable for the claim and had a duty to pay the claim in a timely manner as previously discussed. Defendant breached the duty by not timely acknowledging, investigating and/or requesting information regarding the claim.

Plaintiff seeks unliquidated damages within the jurisdictional limits of this court. Plaintiff is entitled to recover actual damages of the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 542.060(b).

## XII.
## DAMAGES

As a proximate result of the conduct of Alejandro Gallardo and defendant Progressive, plaintiff has sustained damages. Plaintiff suffered from the following damages and/or is entitled to the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Mental anguish in the past;

f. Mental anguish in the future;

g. Physical impairment in the past;

h. Physical impairment in the future;

i. Attorney's fees; and

j. Exemplary damages.

## XIII.
## PRAYER

For these reasons, Plaintiff on final trial have:

a. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate from day of accident until judgment;

b. Pre-judgment interest as provided by law;

c. Post-judgment interest as provided by law;

d. Costs of suit;

e. Attorney's fees;

f. Exemplary damages; and

g. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.

Ezequiel Reyna, Jr. SBN: 16794798
Edward L. Ciccone SBN: 0420550
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone / (956) 447-0668 Fax

ATTORNEYS FOR PLAINTIFF

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the TRCP on this 13th day of September, 2019:

Larry J. Goldman                                           Via E-Service
Justin T. Woods
Goldman & Peterson, PLLC
10100 Reunion Place, Ste. 800
San Antonio, TX 78216
(210) 340-9800 (Telephone)
(210) 340-9888 (Telecopier)
E-mail: mail@ljglaw.com
         Larry@ljglaw.com
         justin@ljglaw.com

_____
Ezequiel Reyna, Jr.