**CT Corporation**

**Service of Process Transmittal**
08/08/2019
CT Log Number 536017814

**TO:** Rachael Hembree
Progressive Casualty Insurance Company
7301 Metro Center Dr
Austin, TX 78744-1748

**RE:** **Process Served in Texas**

**FOR:** Progressive County Mutual Insurance Company  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MANUEL FARIAS, Pltf. vs. PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition and Request for Disclosure, Certificate(s) |
| **COURT/AGENCY:** | 275th Judicial District Court Hidalgo County, TX<br>Case # C330019E |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/08/2019 postmarked on 08/05/2019 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | on or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | EZEQUIEL REYNA, JR.<br>LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.<br>702 W. EXPRESSWAY 83. STE. 100<br>WESLACO, TX 78596<br>956-968-9556 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/08/2019, Expected Purge Date: 08/13/2019<br><br>Image SOP<br><br>Email Notification, Paula Stewart  paula_stewart@progressive.com<br><br>Email Notification, Rachael Hembree  rachael_hembree@progressive.com<br><br>Email Notification, Bonnie Thomas  bonnie_thomas@progressive.com<br><br>Email Notification, DA'JOHNAI POLITE-MIMS  dajohnai_y_polite-mims@progressive.com<br><br>Email Notification, Regina Smith  Regina_Smith@Progressive.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900 |

Page 1 of 2 / JM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT "C"

 **CT Corporation**

**Service of Process Transmittal**
08/08/2019
CT Log Number 536017814

**TO:** Rachael Hembree
Progressive Casualty Insurance Company
7301 Metro Center Dr
Austin, TX 78744-1748

**RE:** Process Served in Texas

**FOR:** Progressive County Mutual Insurance Company (Domestic State: TX)

**TELEPHONE:** Dallas, TX 75201
214-932-3601

Page 2 of 2 / JM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Lory Ramirez
Po Box 834
Weslaco TX 78599



7019 0700 0002 2558 6327

RETURN RECEIPT
REQUESTED



Progressive County Mutual
Insurance Company
Attorney of service, STE 900
CT Corporation system.
1999 Bryan St.; STE 900
Dallas, TX 75201

NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed = NO

## C-3300-19-E
## 275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**
**ATTORNEY OF SERVICE, CT CORPORATION SYSTEM**
**1999 BRYAN ST., STE. 900**
**DALLAS, TX 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable Marla Cuellar, 275th District Court of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 1st day of August, 2019 and a copy of same accompanies this citation. The file number and style of said suit being C-3300-19-E, **MANUEL FARIAS VS. PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**

Said Petition was filed in said court by Attorney EZEQUIEL REYNA, JR., 702 W. EXPRESSWAY 83, STE. 100, WESLACO, TX 78596.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 2nd day of August, 2019.

LAURA HINOJOSA, DISTRICT CLERK
100 N. CLOSNER, EDINBURG, TEXAS
HIDALGO COUNTY, TEXAS

_____
KRYSTAL HIDALGO, DEPUTY CLERK

C-3300-19-E
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
      miles ...................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201____.

_____
**Declarant"**

_____
If Certified by the Supreme Court of Texas
Date of Expiration / PSC Number

CAUSE NO. _____

| | | |
|---|---|---|
| MANUEL FARIAS<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | _____TH JUDICIAL DISTRICT |
| PROGRESSIVE COUNTY MUTUAL<br>INSURANCE COMPANY<br>Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Manuel Farias and complains of Defendant, Progressive County Mutual Insurance Company, and hereinafter referred to as "Progressive" and for cause of action shows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to proceed under Discovery Control Plan No. 2.

### II.
### PARTIES

Plaintiff is an individual who resides in Hidalgo County, Texas.

Defendant Progressive is a Domestic insurance carrier authorized to conduct the business of insurance in Texas, who may be served with process by its attorney of service at:

C T Corporation System
1999 Bryan Street Suite 900
Dallas, Texas 75201-3136

### III.
### JURISDICTION

The court has jurisdiction over defendant because defendant is a Texas resident. The court has jurisdiction over the controversy because the damages are within the jurisdictional

limits of the court.

## IV.
## VENUE

Venue is proper in Hidalgo County, Texas because defendant is an insurance company and this is the county where the loss occurred and where policyholder who instituted suit resided when the cause of action accrued/the beneficiary who instituted suit resided when the cause of action accrued. The auto accident giving rise to this claim occurred in Hidalgo County, Texas.

## V. FACTS PERTAINING TO ACCIDENT

On or about May 18, 2018, Plaintiff Manuel Farias was a passenger in a 2011 Mazda CX-9 being driven by your insured, Alejandro Tajonar. Mr. Farias hired Mr. Tajonar to provide him transportation through the service UBER, defendant Progressive County Mutual Insurance Company's policy holder. Your insured was facing East on the 1600 Block of West Highway Business 83 in McAllen, Texas directly behind a vehicle being driven by Petrolina Ochoa.

Alejandro Gallardo was driving his Volkswagen GTI also traveling Eastbound on the inside lane directly behind Mr. Tajonar. Mr. Gallardo failed to control his speed and collided into the vehicle of your insured. As a result of the impact, your insured rear-ended Ms. Ochoa.

Plaintiff Manuel Farias was seriously injured in the incident and because of the force of the collision was taken to the hospital right after the accident. The impact was so strong that the vehicle Plaintiff was in was significantly damaged by the truck driven by Alejandro Gallardo.

Plaintiff suffered serious injuries as a result of Defendant Alejandro Gallardo's negligence.

Defendant Gallardo, driver of the uninsured vehicle, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Mr. Gallardo's negligent, careless and reckless disregard of said duty. The negligent, careless and

reckless disregard of duty of Defendant Mr. Gallardo consisted of, but is not limited to, the following acts and omissions:

   a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

   b. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

   c. In failing to control his speed;

   d. In failing to yield the right of way to a yield sign;

   e. In failing to maintain an assured clear distance between his vehicle and any other vehicle

   f. In failing to keep his vehicle under control; and

## VI.

## FACTS PERTAINING TO INSURANCE COVERAGE

At the time of the accident described in paragraph 5 above, plaintiff was protected against loss caused by bodily injury, and resulting from the ownership, maintenance, or use of an uninsured/under insured motor vehicle by a policy of insurance by Defendant Progressive.

Defendant Progressive issued its insurance policy numbered 06250026 naming and/or including the plaintiff as a person who would be covered by insurance under the policy.

## VII.
## UNINSURED MOTORIST INSURANCE

On the date in question, Alejandro Gallardo was driving his 2004 Ford Explorer with no insurance coverage.

Plaintiff was protected by insurance written by Progressive, providing him with coverage for personal injuries arising from an accident with an uninsured motorist.

From and after the time the plaintiff's uninsured motorist claims were presented to defendant Progressive, the defendant's liability to pay the claim in accordance with the terms of

3

the insurance policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to delay payment of the plaintiff's uninsured motorist claim, defendant Progressive refused to accept the claim and pay the plaintiff as the policy required.

## VIII.
## PETITION FOR DECLARATORY RELIEF

Plaintiff seeks a declaratory judgment, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.001-37.011, determining an actual immediate controversy between the parties regarding their respective rights and obligations under an insurance contract. The Court's declaration will confer certainty on the parties and serve the interests of justice. Specifically, plaintiff seeks a finding (or findings) that:

- Mr. Gallardo was uninsured
- That he was negligent
- That his negligence was a proximate cause of the collision
- That plaintiff suffered damages as a proximate result of Mr. Gallardo's negligence
- That plaintiff was not comparatively responsible
- That plaintiff's damages fall within the coverage afforded to them under the uninsured motorist provisions in Progressive's insurance contract.

## IX.
## BREACH OF CONTRACT/PROMPT PAYMENT OF CLAIMS

In the event that Progressive refuses or fails to pay uninsured motorist benefits to plaintiff after judicial determination that plaintiff is legally entitled to recover from Mr. Gallardo, plaintiff reserves the right to sue Progressive for breach of contract and/or statutory damages under the Texas Insurance Code § 542.060 (prompt payment of claims). Plaintiff acknowledges that breach of contract claims against Progressive and/or claims for violation of the prompt payment laws are not ripe at this point. Consequently, this pleading serves as notice only (to the extent necessary),

and non-waiver of potential claims.

## X.
## BAD FAITH

Plaintiff was an insured under an insurance contract issued by Progressive, which gave rise to a duty of good faith and fair dealing. Plaintiff's attorney attempted to discuss settlement negotiations with defendant Progressice in an effort to reach an agreement for plaintiff's injuries and damages. From and after the time the plaintiff's claims were presented to defendant Progressive, the defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to delay payment of the plaintiff's claim, defendant Progressive refused to accept the claim and pay the plaintiff as the policy required.

At that time, defendant Progressive knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the plaintiff will show that the defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim. Defendant Progressive delayed payment of a covered claim when defendant knew and/or should have known its liability under the policy was reasonably clear.

Consequently, defendant Progressive breached its duty to deal fairly and in good faith with the plaintiff. The defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the plaintiff as more specifically described below.

The breach of duty by defendant Progressive was aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendant Progressive conduct was specifically intended to cause substantial injury to the Plaintiff. Defendant Progressive conduct involved an extreme degree of risk of potential harm to the Plaintiffs or others and, despite the

defendant's being actually and subjectively aware of the risk involved, the defendant proceeded with conscious indifference to the rights, safety, and welfare of the plaintiff. Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

## XI.
## LATE PAYMENT OF CLAIMS

Plaintiff suffered a loss covered by the policy and gave proper notice to defendant of plaintiff's claim on March 15, 2019. Subsequently, demand letters were sent out on May 9, 2019.

Defendant is liable for the claim and had a duty to pay the claim in a timely manner as previously discussed. Defendant breached the duty by not timely acknowledging, investigating and/or requesting information regarding the claim.

Plaintiff seeks unliquidated damages within the jurisdictional limits of this court. Plaintiff is entitled to recover actual damages of the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 542.060(b).

## XII.
## DAMAGES

As a proximate result of the conduct of Alejandro Gallardo and defendant Progressive, plaintiff has sustained damages. Plaintiff suffered from the following damages and/or is entitled to the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Mental anguish in the past;

f. Mental anguish in the future;

g. Physical impairment in the past;

h. Physical impairment in the future;

i. Attorney's fees; and

j. Exemplary damages.

## XIII.
## DISCOVERY

Attached as Exhibit "A" to this Original Petition; is Plaintiff's Requests for Disclosures and Request for Production to Defendant Progressive.

## XIV.
## PRAYER

For these reasons, Plaintiff requests that Defendants be cited to appear and answer, and on final trial Plaintiff have:

a. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate from day of accident until judgment;

b. Pre-judgment interest as provided by law;

c. Post-judgment interest as provided by law;

d. Costs of suit;

e. Attorney's fees;

f. Exemplary damages; and

g. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.

Ezequiel Reyna, Jr. SBN: 16794798
Edward L. Ciccone SBN: 0420550
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone / (956) 447-0668 Fax

ATTORNEYS FOR PLAINTIFF

CAUSE NO. _____

| | | |
|---|---|---|
| MANUEL FARIAS<br>Plaintiff | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | \_\_\_\_\_TH JUDICIAL DISTRICT |
| PROGRESSIVE COUNTY MUTUAL<br>INSURANCE COMPANY<br>Defendant | § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR DISCLOSURES AND REQUEST FOR PRODUCTION TO DEFENDANT PROGRESSIVE INSURANCE

TO: Defendant, Progressive Insurance

Please take notice that Plaintiff, pursuant to Rule 194 and Rule 197 of the Texas Rules of Civil Procedure serves these Requests for Disclosures and Request for Production. You must answer these discovery requests fully, separately, in writing, and under oath, within fifty (50) days after service of this notice. Your answers to these discovery requests may be offered into evidence at the trial or arbitration of this matter. You are also under a duty to supplement your answers to these discovery requests in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.

_____
Ezequiel Reyna, Jr. SBN: 16794798
Edward L. Ciccone SBN: 0420550
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone / (956) 447-0668 Fax
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Plaintiff's Requests for Disclosures and Request for Production to Defendant has been served as an attachment to Plaintiffs' Original Petition on the day identified in the citation issued to Defendant.

Ezequiel Reyna, Jr. SBN: 16794798
(956) 968-9556 Phone / (956) 969-0492 Fax

## *EXHIBIT A*

## REQUESTS FOR DISCLOSURES

Pursuant to Rule 194, you are requested to disclose, within the time period allowed under the Tex. R. of Civ. Proc., the information or material described in Rule 194.2.

## REQUESTS FOR PRODUCTION

REQUESTS FOR PRODUCTION NO. 1:

The entire claims/insurance files regarding the collision forming the basis of this suit in the possession custody, and/or control of Defendant, and/or his agents, servants, employees and insurance company and/or representative thereof.

RESPONSE: